# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES,<br><br>        Plaintiff,<br><br> v.<br><br>WEBHURST, LLC d/b/a PITA PIT, *et al.*,<br><br>        Defendants. | Case No. 18-cv-00569-BAS-JMA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[ECF No. 2]** |

   Presently before the Court are Plaintiff's motion for leave proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs. (ECF No. 2). Plaintiff Jaime Reyes commenced this action against Defendants Webhurst, LLC d/b/a Pita Pit and Morena Vista, LLC (collectively, "Defendants") and alleges Defendants violated the Americans with Disabilities Act, along with other state claims. (ECF No. 1.) For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

   Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to

proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Although Plaintiff receives $850.00 a month in disability benefits, his expenses are approximately $810.00 a month. (ECF No. 2 at 1-2, 4) His expenses are largely due to rent ($500.00), food ($200.00), and transportation ($50.00), and do not include recreational spending. (*Id.* at 4-5.) Plaintiff has no assets, nor does he have any money in a bank account. (*Id.* at 2-3.) He is represented by counsel, but it does not appear that he is paying (or expects to pay) counsel at this time. (*Id.* at 5.); *see Torres v. Colvin*, No. CV-13-2300-PHX-LOA, 2013 WL 12304024, at *1 (D. Ariz. Nov. 25, 2013) ("While Plaintiff is represented by counsel, there is no known authority that precludes a plaintiff from obtaining [IFP] status if the plaintiff is represented by counsel; provided, of course, the plaintiff qualifies for such status.") Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP. (ECF No. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff may receive from family or the government.

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

Hon. Cynthia Bashant
United States District Judge